# EXHIBIT A



Immigrants' Rights Clinic

Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Tel   650 724-1900
Fax   650 723-4426



November 30, 2018

*Via U.S. Certified Mail*
Federal Bureau of Prisons
FOIA/PA Section
Office of General Counsel, Room 924
320 First Street NW
Washington, D.C. 20534

**RE: FOIA Request for Records Related to Institutional Hearing Program**

Dear FOIA Officer:

This letter is a request pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 522, by the Stanford Law School Immigrants' Rights Clinic on behalf of The Justice & Diversity Center of The Bar Association of San Francisco and Centro Legal de la Raza. We seek records from the Federal Bureau of Prisons ("BOP") pertaining to policies and practices about the Institutional Hearing Program ("IHP"), including but not limited to information about the program's administration, policies, and the treatment of people placed in IHP.[1]

There is a compelling and urgent need to inform the public about BOP policies and practices that pertain to the operation of IHP. Since coming into office, the Trump Administration has targeted IHP for modernization and expansion. On January 25, 2017, President Trump issued Executive Order 13767 entitled "Border Security and Immigration Enforcement Improvements," that prioritized the removal of noncitizens with criminal convictions.[2] To implement the Executive Order, then-Secretary of the Department of Homeland Security, John Kelly, issued a memorandum instructing U.S. Immigration and Customs Enforcement ("ICE") to initiate removal proceedings against incarcerated noncitizens through the IHP "to the maximum extent possible."[3] On March 30, 2017, then-

---

[1] The term "people placed in IHP" is used interchangeably for the purpose of this request with other terms that may apply to incarcerated noncitizens who are placed in removal proceedings through the IHP, including but not limited to "prisoners," "inmates," "respondents," "aliens," and "noncitizens."

[2] Exec. Order No. 13767, Border Security and Immigration Enforcement Improvements (Jan. 25, 2017), https://www.whitehouse.gov/presidential-actions/executive-order-border-security-immigration-enforcement-improvements/.

FOIA Request
November 30, 2018
Page 2 of 5

Attorney General Jeff Sessions announced an IHP revitalization plan intended to "speed the process of deporting incarcerated criminal aliens."[4] Despite the Trump Administration's efforts to expand the IHP, immigration attorneys and the public know little about the implementation of IHP and its impact on removable noncitizens currently detained in federal correctional institutions. BOP plays a central role in the operation of IHP because its facilities serve as both "hearing sites"[5] and "release sites"[6] for the program. Accordingly, this FOIA request seeks information from BOP relating to its role in implementing IHP.

## RECORDS REQUESTED

We request the following records[7] prepared, received, transmitted, collected and/or maintained by BOP and/or private contract facilities housing federal or state prisoners[8]:

1. All records describing or including any guidance or training provided to BOP concerning the operation of IHP hearing sites.

2. Any records that describe which BOP facilities are generally considered IHP release sites.

---

[3] Memorandum from John Kelly, Sec'y, U.S. Dep't of Homeland Sec. on Enforcement of Immigration Laws to Serve the National Interest (Feb. 20, 2017), https://www.dhs.gov/sites/default/files/publications/17_0220_S1_Enforcement-of-the-Immigration-Laws-to-Serve-the-National-Interest.pdf.

[4] Press Release, Off. of Pub. Aff., U.S. Dep't of Just., Attorney General Sessions Announces Expansion and Modernization of Program to Deport Criminal Aliens Housed in Federal Correctional Facilities (Mar. 30, 2017), https://www.justice.gov/opa/pr/attorney-general-sessions-announces-expansion-and-modernization-program-deport-criminal.

[5] The term IHP "hearing site" refers to facilities where noncitizens are issued a Notice to Appear (NTA) and placed into removal proceedings and are appearing before the Immigration Court while still serving their prison sentence.

[6] The term IHP "release site" refers to facilities designated for noncitizens who have been ordered deported and who are awaiting removal, ordinarily after the completion of their criminal sentences.

[7] The term "records" as used in this request includes all records or communications preserved in electronic or written form, including but not limited to correspondence, regulations, directives, documents, data, videotapes, audiotapes, e-mails, faxes, files, guidance, guidelines, standards, evaluations, instructions, analyses, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, manuals, technical specifications, training materials or studies, including records kept in written form, or electronic format on computers and/or other electronic storage devices, electronic communications and/or videotapes, as well as any reproductions thereof that differ in any way from any other reproduction, such as copies containing marginal notations.

[8] The use of "BOP" and "BOP facilities" refers to all BOP-controlled correctional facilities, including all subcontracted private facilities and any facilities that hold and/or house BOP inmates/prisoners/detainees.

FOIA Request
November 30, 2018
Page 3 of 5

3. Any records describing the obligations of BOP administrators to provide information about the IHP to prisoners.

4. Any records describing or including policies, procedures, memoranda, or guidance concerning when and how prisoners are notified that they are being placed in IHP, including what information they are provided about the program, and whether they are advised of their rights in the program.

5. Any records describing what rights, privileges, and protections are afforded to noncitizens placed in IHP.

6. Any records describing any federal or state conditions, detention, or imprisonment standards that apply to noncitizens by virtue of their being placed in removal proceedings through the IHP, including but not limited to ICE detention standards, BOP correctional standards, American Correctional Association Standards, National Commission on Correctional Health Care ("NCCHC") Standards, and Title 15 & Title 24 Minimum Standards for detention facilities.

7. All records showing any current contractual agreement, Intergovernmental Service Agreement ("IGSA"), Interagency Agreement ("IAA"), memoranda of understanding, or other agreement entered into between DHS and BOP that governs the implementation, expansion, or operation of the IHP at any BOP facility located outside of California.

8. All records showing any current contractual agreement, IGSA, IAA, memoranda of understanding, or other agreement entered into between DHS and BOP that governs the implementation, expansion, or operation of the IHP at any BOP facility located within California, including FCI Dublin, Taft CI, USP Victorville, FCI Victorville I, and FCI Victorville II.

9. All records describing policies, procedures, communications, guidance, memoranda of understanding, IGSAs, and/or IAAs regarding any contractual obligations entered into between DHS and BOP that pertain to any budget and reimbursement agreements related to the operation of IHP hearing sites located within California, including FCI Dublin, Taft CI, USP Victorville, FCI Victorville I, and FCI Victorville II.

10. Any records concerning the designation of BOP facilities located in California as IHP hearing sites or locations, including any facilities that are expected to begin serving as IHP "hearing sites" in the future.

11. All records showing any audits, inspections, or reviews conducted of the IHP at individual BOP facilities located in California.

FOIA Request
November 30, 2018
Page 4 of 5

12. All records including policies, procedures, memoranda, or communications concerning whether ICE officials maintain a regular physical presence within IHP hearing site locations located in California, such as designated offices within each BOP facility or specific times when ICE agents visit facilities.

13. Any records describing or including policies, procedures, guidance, or communications pertaining to or governing the ability of attorneys to meet and talk with clients at IHP hearing sites located in California, including attorneys' access to confidential visitation spaces within each BOP facility, and respondents' access to private, unmonitored legal telephone calls.

## THE REQUESTOR

The Justice & Diversity Center of The Bar Association of San Francisco ("JDC") is one of the largest and most distinguished legal services providers in San Francisco. JDC's primary purpose is the delivery of free legal services to low-income San Franciscans, as well as the non-profits that serve them. JDC delivers free legal services through its Legal Services Programs division, which consists of the Pro Bono Legal Services Program, Homeless Advocacy Project, and the Immigration Program. JDC helps to coordinate and organize and increase the capacity to provide legal services to underserved populations.

Centro Legal de la Raza ("Centro") is a nonprofit that provides free legal services to low-income individuals and families in the East Bay and throughout Northern and Central California. For five decades, Centro has protected and advanced the rights of low-income communities, including Spanish-speaking immigrants, workers, and tenants. Founded in 1969 and headquartered in Oakland, Centro combines quality legal services with know-your-rights education and youth education and development. Centro ensures access to justice for thousands of individuals and families each year. As California's largest provider of legal services for immigrants facing deportation, Centro Immigration Program assists thousands of immigrants annually. Centro's removal defense practice specializes in cases that are urgent and often involve novel legal issues. Centro represents unaccompanied minors and families fleeing violence and immigrants with long term community ties, including those in immigration detention.

Both organizations regularly represent IHP respondents through in the Attorney of the Day ("AOD") program before the San Francisco Immigration Court, where experienced immigration attorneys appear in immigration court to assist unrepresented respondents in their initial removal hearings. The requestors seek information about IHP because the AODs provide IHP respondents with individual consultations, initial legal advice, and referrals within BOP facilities, as well as provide long term and full scope representation of IHP respondents before the Executive Office of Immigration Review.

FOIA Request
November 30, 2018
Page 5 of 5

## FEE WAIVER

The requestor also seeks a full fee waiver on the grounds that disclosure of the requested records is in the public interest and is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requestor." 5 U.S.C. § 522(a)(4)(A)(iii). As set forth above, this request aims at furthering public understanding of government conduct: specifically, BOP policies and practices as they relate to the implementation of IHP. Because the requested records will contribute significantly to public understanding of the immigrant detention and removal system, we request a waiver of fees under 5 U.S.C. § 552(a)(4)(A)(iii).

If this request is denied in whole or in part, the requestors ask that the government justify all redactions by reference to specific FOIA exemptions. We expect the government to release all segregable portions of otherwise exempt material. We reserve the right to appeal a decision to withhold any information or to deny expedited processing or a waiver of fees.

## EXPEDITED PROCESSING

Requestors ask for Track 1 expedited treatment for this FOIA request. This request qualifies for expedited treatment pursuant to 5 U.S.C. § 552(a)(6)(E) and applicable regulations. There is a "compelling need" for expedited processing of this request, *see* 5 U.S.C. § 552(a)(6)(E)(i)(I), namely, an "urgency to inform the public concerning the actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v)(II); *see also* 6 C.F.R § 5.5(d)(1)(ii) (same). The records requested concern potential changes to BOP's increased involvement and role as it relates to ICE's expansion of the IHP program, which affects thousands of noncitizens.

Please send responsive records to:

Lisa Weissman-Ward
Stanford Law School Immigrants' Rights Clinic
559 Nathan Abbott Way
Stanford, CA 94305

Thank you for your attention. Please contact me with any questions or concerns at lweissmanward@law.stanford.edu or 650-724-7396.

Sincerely,

Lisa Weissman-Ward

# EXHIBIT B



**U.S. Department of Justice**
**Federal Bureau of Prisons**

*Central Office*
*320 First St., NW*
*Washington, DC  20534*

December 6, 2018

Lisa Weissman-Ward
Stanford Law School Immigrants Rights Clinic
559 Nathan Abbott Way
Stanford, CA  94305

Dear Ms. Weissman-Ward:

The Federal Bureau of Prisons (BOP) received your Freedom of Information Act/Privacy Act (FOIA/PA) request in which you request expedited processing of your request. Your request has been assigned a number and forwarded to the processing office noted below. Please make a note of the request number and processing office as you will need to include it in any correspondence or inquiry regarding your request. A copy of the first page of your request is attached to help you more easily keep track of your request.

FOIA/PA Request Number:        2019-01182
Processing Office:             CO

The Department of Justice requires all requests for records be processed on a first-in, first-out basis. The four exceptions to this requirement are: "(i) Circumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; (ii) An urgency to inform the public about an actual or alleged Federal Government activity, if made by a person who is primarily engaged in disseminating information; (iii) The loss of substantial due process rights; or (iv) A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e). The Federal Bureau of Prisons makes the determination regarding the first three exceptions, and the Department of Justice's Director of Public Affairs makes the determination when the fourth category is relied upon as the basis for requesting expedited treatment.

You requested expedited processing because the records requested concern potential changes to the BOP's increased involvement and role as it relates to ICE's expansion of the IHP program, which affects thousands of noncitizens.

You provided insufficient information to support your claim regarding an urgency to inform the public. This Office cannot identify a particular urgency to inform the public about an actual or alleged federal government activity beyond the public's right to know about government activities generally.

You provided insufficient information to support your claim you are primarily engaged in disseminating information that would warrant placing your request before all other requests.

Therefore, your request will be processed in the order in which it was received.

The time needed to complete our processing of your request depends on the complexity of our records search and the volume and complexity of any records located. Each request is assigned to one of three tracks: simple, complex, or expedited. Due to the large number of FOIA/PA requests received by BOP and the limited resources available to process such requests, BOP handles each request on a first-in, first-out basis in relation to other requests in the same track. Your request was assigned to the complex track and placed in chronological order based on the date of receipt.

We determined unusual circumstances exist as the documents responsive to your request must be searched for and collected from a field office, and/or the documents responsive to your request are expected to be voluminous and will require significant time to review. Because of these unusual circumstances, we are extending the time limit to respond to your request for the ten additional days provided by the statute. Processing complex requests may take up to nine months. Pursuant to 28 C.F.R. § 16.5(b) and (c), you may narrow or modify your request in an effort to reduce the processing time.

Pursuant to 28 C.F.R. § 16.10, in certain circumstances we are required to charge fees for time spent searching for or duplicating responsive documents. If we anticipate your fees will be in excess of $25.00 or the amount you have indicated you are willing to pay, we will notify you of the estimated amount.  At that time, you will have the option to reformulate your request to reduce the fees. If you requested a fee waiver, we will make a decision whether to grant your request after we determine whether fees will be assessed for this request.

If you have questions regarding the status of your request or anything discussed in this letter, including reformulating or narrowing your request, you may contact the CO at 202-616-7750 or the BOP FOIA Public Liaison, Mr. C. Darnell Stroble at (202) 616-7750, 320 First Street NW, Suite 936, Washington DC 20534, or ogc_efoia@bop.gov. You can also check the status of your request on line at http://www.bop.gov/PublicInfo/execute/foia.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information, Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC

20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account at: https://www.foiaonline.gov/foiaonline/action/public/home. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

12/6/2018

X *S. Lilly*

S. Lilly, GIS, for
Ronald Rodgers, Senior Counsel
Signed by: SARAH LILLY

# EXHIBIT C



**U.S. Department of Justice**
**Federal Bureau of Prisons**

*Central Office*
*320 First St., NW*
*Washington, DC  20534*

August 27, 2019

Lisa Weissman-Ward
Stanford Law School Immigrants' Rights Clinic
559 Nathan Abbott Way
Stanford, CA  94305

Request Number: 2019-01182

Dear Ms. Weissman-Ward:

This is in response to the above referenced Freedom of Information Act (FOIA) request. Your request contains thirteen (13) different items.  A copy of your request is attached for reference.  Additionally, in reference to Item 11 of your request you verified the time frame for this item was January 1, 2015 to the date of the search.

In response to your request, staff located 14 pages of responsive records, which were forwarded to this office for a release determination.  After careful review, we determined 10 pages are appropriate for release in full and 4 pages are appropriate for release in part. We are also releasing a spreadsheet of responsive records, which contains 42.7 KB of data and is being released in full.  Copies of releasable records are attached. Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, records were redacted under the following exemptions: (b)(6); (b)(7)(C); and (b)(7)(E).  An explanation of FOIA exemptions is attached.

Program Statements (P.S.) 5111.04, CN-1 Institution Hearing Program and P.S. 5267.09 Visiting Regulations are both located on www.bop.gov.  The Freedom of Information Act allows you to request any records not already required to be made available pursuant to 5 U.S.C. § 552(a)(1) or (a)(2). The records you request are already available to the public pursuant to the statute. BOP is not required to release the type of record you seek. *See*  5 U.S.C. § 552(a)(3).  There are no agency records showing any audits, inspections, or reviews conducted of the IHP.

Additionally, you may wish to contact Immigration and Customs Enforcement (ICE) and Executive Office of Immigration Review (EOIR) directly for records.

If you have questions about this response please feel free to contact the undersigned, this office, or the Federal Bureau of Prisons' (BOP) FOIA Public Liaison, Mr. C. Darnell Stroble at 202-616-7750, 320 First Street NW, Suite 936, Washington DC 20534, or ogc_efoia@bop.gov.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information, Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account at: https://www.foiaonline.gov/foiaonline/action/public/home. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

*S. Lilly*

S. Lilly, GIS, for
Eugene E. Baime, Supervisory Attorney

**Explanation of FOIA Exemptions Used by the Federal Bureau of Prisons**

**5 U.S.C. § 552(b)(1)** protects classified information.

**5 U.S.C. § 552(b)(2)** concerns matters related solely to internal agency personnel rules or practices.

**5 U.S.C. § 552(b)(3)** concerns matters specifically exempted from release by statute.

**5 U.S.C. § 552(b)(4)** concerns trade secrets and commercial or financial information obtained from a person that is privileged or confidential.

**5 U.S.C. § 552(b)(5)** concerns certain inter- and intra-agency communications protected by the deliberative process privilege, the attorney work-product privilege, and/or the attorney-client privilege.

**5 U.S.C. § 552(b)(6)** concerns material the release of which would constitute a clearly unwarranted invasion of the personal privacy of third parties.

**5 U.S.C. § 552(b)(7)(A)** concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with enforcement proceedings.

**5 U.S.C. § 552(b)(7)(B)** concerns records or information compiled for law enforcement purposes the release of which would deprive a person of a right to a fair trial or an impartial adjudication.

**5 U.S.C. § 552(b)(7)(C)** concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties.

**5 U.S.C. § 552(b)(7)(D)** concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to disclose the identities of confidential sources and information furnished by such sources.

**5 U.S.C. § 552(b)(7)(E)** concerns records or information compiled for law enforcement purposes the release of which would disclose techniques and procedures for law enforcement investigations or prosecutions.

**5 U.S.C. § 552(b)(7)(F)** concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to endanger the life or personal safety of an individual.

**5 U.S.C. § 552(b)(8)** concerns matters that are "contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions."

**5 U.S.C. § 552(b)(9)** concerns geological and geophysical information and data, including maps, concerning wells.

# MEMORANDUM OF UNDERSTANDING

## BETWEEN

## THE FEDERAL BUREAU OF PRISONS

## AND

## IMMIGRATION AND CUSTOMS ENFORCEMENT

Transfer of Criminal Alien Inmates from the Custody of the U.S. Department of Justice, Federal Bureau of Prisons (BOP) to the U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement (ICE) Pursuant to an Immigration Detainer

### 1. PURPOSE

This MOU between the BOP and ICE establishes and delineates procedures regarding the BOP providing ICE an opportunity to accept custody of removable alien inmates before BOP honors a detainer from a state or local law enforcement agency and/or for the BOP providing ICE with relevant medical or mental health information about alien inmates with identified major medical or mental health conditions. This MOU does not affect any other existing agreement between the parties, other than in respect to these issues.

### 2. PROCEDURES

This MOU directs the processes BOP and Enforcement and Removal Operations (ERO) Field Office Directors (FODs) must follow with regard to:

1) The transfer of BOP custody of criminal alien inmates who are subject to non-federal detainers; or
2) The transfer of BOP custody of criminal alien inmates who are subject to an ICE detainer with medical or mental health conditions that BOP has designated as a care level 3 or 4 for a medical or mental health condition.

This MOU outlines the processes applicable to transfers of criminal alien inmates in BOP custody, for whom ICE has probable cause of removability under the immigration laws, to ICE custody upon completion of their criminal sentences. ICE will have the right of first refusal for any criminal alien inmate for whom ICE has lodged an immigration detainer, regardless of the existence of any other detainers lodged by any state or local law enforcement agency or jurisdiction. ICE and BOP agree that U.S. Marshal and other federal law enforcement agency (LEA) detainers will be honored prior to ICE immigration detainers.

Pursuant to BOP policy, with regard to a criminal alien inmate against whom an immigration detainer has been lodged, ICE may:

1) Accept the transfer of custody of the criminal alien inmate prior to satisfaction of all non-federal criminal matters; or
2) Decline to accept the transfer of custody of the criminal alien inmate so that BOP may instead transfer the criminal alien inmate to another LEA's jurisdiction, in accordance with this MOU; and
3) Work in coordination with the BOP to ensure the proper continuation of care while in ICE custody for criminal alien inmates transferred to ICE custody with significant medical or mental health issues.

## 3.  BOP RESPONSIBILITIES: TIMING OF THE EXCHANGE AND MODE OF TRANSMISSION OF INFORMATION

The BOP will honor federal immigration detainers, including previously issued Form I-247 (Immigration Detainer – Notice of Action), Form I-247D (Immigration Detainer – Request for Voluntary Action and Form I-247X (Request for Voluntary Transfer) (herein "immigration detainers"), and prioritize federal immigration detainers over non-federal detainers.

The BOP will provide medical and mental health information to ICE, as set forth below in this MOU. *See* Appendix A, Definitions for BOP Medical and Mental Health Care.

For all criminal alien inmates subject to an immigration detainer, BOP will notify ICE, by way of email as further described below, at least ninety (90) days prior to the projected release date (PRD), or as soon as practicable, after receiving a non-federal detainer if received less that ninety (90) days prior to PRD.

BOP will send notifications to the ICE Pacific Enforcement Response Center (PERC), via e-mail at the following email address: (b)(6), (b)(7)(C)

At the time of notification, the BOP will supply a copy(s) of all federal and non-federal detainer(s) with the PRD notification to the PERC.

At the time of notification, the BOP will supply ICE with a criminal alien inmate's medical and mental health care level. For criminal alien inmates identified as a Medical Health Care Level 3 or 4, and/or Mental Health Care Level 3 or 4, a Health Services Exit Summary and/or a Psychology Services Mental Health Transfer Summary will be provided in an encrypted electronic copy with the notification to the above mentioned email addresses. These summaries will include: list of medications; any required medical and nursing care and/or treatment; medical equipment requirements; ability to conduct activities of daily living; and plan of care, at a minimum.

Upon request, the BOP will supply medical staff from the ICE ERO field office with an encrypted electronic copy of the complete medical record of a criminal alien inmate, including the most recent lab work and diagnostic tests (e.g., x-rays, MRI, CT Scan) for any current health

2

problems. Such encrypted electronic copy should be sent to the ICE ERO field office requesting the information.

ICE will notify the BOP sixty (60) days prior to the PRD or as soon as practicable in cases where notification is made less than ninety (90) days from PRD, of its decision to assume custody of the criminal alien inmate, or decline to accept custody, such that the BOP may transfer the criminal alien inmate to another LEA or release the criminal alien inmate. If ICE declines to accept custody, the responsible ICE ERO field office must cancel the detainer by checking the appropriate box on the applicable detainer, notify the BOP, and enter the appropriate detainer lift code in EARM.

BOP and ICE will comply with applicable federal laws, regulations, and policies when exchanging and disclosing information. ICE and BOP will provide a staff member to serve as a liaison to address any issues that may arise concerning the exchange of information, detainer declination verification and/or the coordination of the continuation of care for criminal alien inmates with significant medical or mental health issues ICE intends to take into custody after the service of their criminal sentence in BOP custody. Specifics of the liaisons will be set forth in a separate agreement between ICE and BOP.

## 4. PERC RESPONSIBILITIES

Upon receipt of notification from BOP:

- The PERC will complete a records check of the criminal alien inmate, including but not limited to, National Crime Information Center (NCIC) active wants and/or warrants, criminal history, immigration status, and docket location.

- The PERC will provide the responsible ICE ERO field office with operational responsibility for the BOP facility in which the criminal alien inmate is in custody with the case data from the BOP, including the criminal alien inmate's biographical data, medical information, records check results, the pending criminal charge(s), requesting LEA, court, and any other information for consideration in ICE's decision whether or not to assume custody of the criminal alien inmate. (Note: The PERC will transmit the information listed above by email to the point of contact for the appropriate ICE ERO field office as soon as practicable in cases where notification is made less than ninety (90) days before the PRD.)

## 5. ERO FIELD OFFICE RESPONSIBILITIES

The responsible ERO field office will screen all available information relating to the criminal alien inmate and any pending criminal justice actions to determine whether ICE will assume custody of the criminal alien inmate upon release or decline to accept custody, such that BOP may release the criminal alien inmate to the LEA.

3

If the ERO field office declines to accept custody of the criminal alien inmate, the FOD will issue an "ICE Letter of Agreement" (*see* Appendix B) to the receiving LEA.  By signing the letter, the LEA:

1) Acknowledges that ICE also has lodged a detainer against the criminal alien inmate and has decided to delay immigration enforcement action so that the criminal alien inmate may complete criminal proceedings in the custody of the LEA; and

2) Agrees to transfer the criminal alien inmate to ICE custody, rather than release, upon conclusion of the criminal proceedings or in any circumstances in which the subject will be released from the LEA's custody.

The signed Letter of Agreement will be placed in the criminal alien inmate's A-file, and the responsible ICE ERO field office will complete the appropriate comments in EAGLE, EARM, or successor case management systems, for future reference.  The FOD will notify the PERC, no later than sixty (60) days prior to the PRD, that the field office and LEA have reached an agreement, and that BOP will transfer the subject to the LEA.  The PERC will transmit this decision to the BOP via email on behalf of the field office, in conformance with this MOU.

If the responsible ICE ERO field office intends to take direct custody of the criminal alien inmate from the BOP, the field office will notify the PERC, no later than sixty (60) days prior to the PRD or as soon as practicable in cases where the BOP notifies ERO less than ninety (90) days prior to PRD.  The PERC will transmit this decision to the BOP via email, as set forth in this MOU, on behalf of the field office.  The transfer date, time, and transportation requirements will be handled at the local level between the responsible ICE ERO field office and the BOP once the transfer determination has been transmitted to the BOP.

If, for any other reason, the ICE ERO field office declines to accept the transfer of custody of the criminal alien inmate from the BOP, the field office will notify the PERC, no later than sixty (60) days prior to the PRD or as soon as practicable in cases where the BOP notifies ERO less than ninety (90) days prior to PRD. The PERC will transmit this decision to the BOP via email on behalf of the FOD.

## 6. DURATION

This MOU shall remain in effect for 5 years from date of execution or until terminated by either party as specified below.  Continuation of this MOU shall be subject to the availability of necessary funding.  This agreement may be modified at any time by written consent of BOP and ICE.  This agreement may be terminated at any time by each of the participating agencies.  BOP and ICE may withdraw from this agreement at any time by providing a 30-day written notice of its intent to withdraw to the other participating agency.

4

**7. ANTIDEFICIENCY ACT**

Nothing contained herein shall be construed to obligate the BOP or ICE to any expenditure or obligation of funds in excess or in advance of appropriations in accordance with the Antideficiency Act (31 U.S.C. §1341).

**8. SIGNATURES:**

For ICE:

Name: Daniel H. Ragsdale
Title: Deputy Director

For BOP:

Name: Louis C. Eichenlaub
Title:  Deputy Director

5

**APPENDIX A**

**I.   BOP Definitions**

   **a.   Mental Health Care Levels**

     **i.   Care Level 1 - MH:   No Significant Mental Health Care.   An individual is considered to meet CARE1-MH criteria if he/she:**

- Shows no significant level of functional impairment associated with a mental illness and demonstrates no need for regular mental health interventions; and
- Has no history of serious functional impairment due to mental illness or if a history of mental illness is present, the inmate has consistently demonstrated appropriate help-seeking behavior in response to any reemergence of symptoms.

    **ii.   Care Level 2 - MH:   Routine Outpatient Mental Health Care or Crisis-Oriented Mental Health Care.   An individual is considered to meet CARE2-MH criteria if he/she has a mental illness requiring:**

- Routine outpatient mental health care on an ongoing basis; and/or
- Brief, crisis-oriented mental health care of significant intensity; e.g., placement on suicide watch or behavioral observation status.

   **iii.   Care Level 3 - MH:   Enhanced Outpatient Mental Health Care or Residential Mental Health Care.   An individual is considered to meet the criteria for CARE3-MH if he/she has a mental illness requiring:**

- Enhanced outpatient mental health care (i.e., weekly mental health interventions); or
- Residential mental health care (i.e., placement in a residential Psychology Treatment Program).

   **iv.   Care Level 4 - MH:   Inpatient Psychiatric Care.   A mentally ill inmate may meet the criteria for CARE4-MH and require acute care in a psychiatric hospital if the inmate is gravely disabled and cannot function in general population in a Care Level 3 Mental Health environment.**

6

b. Medical Care Levels

   i. **Care Level 1:** Essentially healthy inmates who may have chronic illness easily managed with medication, and sees providers 1-2 times/year for follow up (i.e. High blood pressure, high cholesterol, etc.

   ii. **Care Level 2:** Chronic medical conditions that are stable and manageable in a general population setting with outpatient visits monthly to biannually. Care level 2 inmates are independent with Activities of Daily Living (ADLs).

   iii. **Care Level 3:** Multiple or severe chronic illnesses requiring more frequent medical evaluations (i.e. daily to monthly) to remain stable in an outpatient setting. Such inmates may require assistance from an Inmate Assistant to accomplish some of their ADLs but they do not require daily nursing care.

   iv. **Care Level 4:** Chronically ill inmates requiring 24 hours nursing care, patients are designated to medical referral centers as inpatients, have multiple co-morbidities and assistance with activities of daily living.

7

# APPENDIX B

**Field Office Letterhead**

## Letter of Agreement between the U.S. Immigration and Customs Enforcement (ICE) and the

## "INSERT Local Law Enforcement Agency"

Re: Acceptance of ICE Detainer and Agreement to Transfer Subject to ICE Custody at the Conclusion of Proceedings

Chief/Sheriff/District Attorney:

ICE has been notified by the Bureau of Prisons (BOP) that your office has an active detainer on __NAME/DOB_____. ICE has also lodged a detainer on this individual. In accordance with BOP policy, ICE retains the discretion to determine whether or not the individual will be turned over to your detainer prior to taking its own enforcement action. This decision will be based on factors to include the public safety risk posed by the individual, the severity of pending criminal charges, and the prosecuting entity's intention to pursue the criminal case to fruition. In addition, in order to for ICE to authorize the BOP to transfer the inmate to your agency's custody, an authorized representative must sign this letter, agreeing to transfer the subject to ICE custody at the conclusion of the proceedings, or any other subsequent release from your custody.

Once this letter of agreement is signed and returned to ICE, the BOP will be notified that ICE agrees to allow the transfer to the designated agency.

If you have any questions regarding this process please feel free to contact ****** of the ****** Field Office at (123) 123-1234 or by email at ******@ice.dhs.gov

Thank you for your assistance and cooperation in this matter.

Sincerely,

*John Jones*
***** Field Office Director

8

Acknowledgement of agreement between U.S. Immigration and Customs Enforcement (ICE) and the

(INSERT Name of Police Dept/Sheriff's Dept/District-State Attorney) (LEA) located at (INSERT Address)

that ICE agrees to authorize the Federal Bureau of Prisons (BOP) to transfer the below-named inmate:

(INSERT ALIENS NAME/A#/BOP# HERE...............................................................)

to INSERT LEA NAME, which has lodged a detainer with the BOP indicating the subject is

wanted in conjunction with criminal proceedings in the jurisdiction of the LEA.

Your signature below constitutes the agreement of LEA NAME to turn the alien over to the custody of ICE upon the conclusion of the proceedings, or any other subsequent release from your custody. Failure to sign this form will result in ICE not authorizing the transfer of the inmate to LEA NAME.

The LEA must contact the ***** Field Office at (123) 123-1234 or via email at *******@ice.dhs.gov to facilitate the transfer of the subject to ICE custody.

9

**APPENDIX C**



10

# IHP Guidance

Definitions:

**IHP PEND** – This assignment applies only to inmates who have been determined by ICE to require an IHP hearing before an Administrative Judge and are not currently at a hearing site.

**IHP PART** – This assignment applies only to inmates who require an IHP hearing, as determined by ICE, and are at an active IHP hearing site.

**IHP COMPLT** – This assignment applies only to inmates who have completed an IHP Hearing, and an Administrative Judge made a determination. The decision to deport or not deport has no impact on an assignment of IHP COMPLT, as DETN Y/N will denote this decision. All inmates who participate in and complete an administrative hearing at an IHP site will have a CMA assignment of IHP COMPLT.

**NO IHP HRG** – This assignment applies to inmates do not require an IHP hearing, as determined by ICE. This also applies if a deportation order from ICE exists, or if ICE has determined the inmate will not be deported.

**IHP INTRVW** – Applies to inmates who need to be interviewed by ICE for a hearing determination. If the inmate's immigration status is unknown, this assignment applies. Inmates with an ICE Detainer or Notify order not indicating a final order of removal should be placed in this assignment.

The signature authority (the entity making the final determination of deportation), despite whether the inmate will be removed, determines the IHP assignment.

- If the signature authority is ICE, **NO IHP HRG** is the only applicable CMA assignment.
- If an immigration/administrative judge is/will be the final authority, CMA assignments of **IHP PEND**, **IHP PART**, and **IHP COMPLT** may apply.
- **IHP INTRVW** is considered a short-term assignment, and should be changed upon receipt of disposition following the ICE interview.


In order to determine IHP status, review the following documentation:

(b)(7)(E) – If 337d is after March 1, 2017 (follow Attachment A chart)
**Deportation Order** – differs from INS Detainer or Notify. Signature authority of the deportation order will determine IHP assignment.
**INS Detainer** – Requires IHP Interview (**IHP INTRVW**), unless a final order of removal is noted. If the inmate is to be deported, the CMA assignment should be **NO IHP HRG**.
If no documentation is located, **IHP INTRVW** is appropriate.

| IHP FIELD POC DESIGNATION(S) | | | | | |
|---|---|---|---|---|---|
| **FIELD OFFICE** | **NAME** | **AREA** | **EMAIL** | **OFFICE PHONE** | **MOBILE PHONE** |
| ATLANTA | (b)(6); (b)(7)(C) | McRae CI | (b)(6); (b)(7)(C) | | |
| | | Atlanta USP | | | |
| | | D. Ray James CI / Jessup FCI | | | |
| | | Butner CI | | | |
| | | Estill FCI / Williamsburg FCI | | | |
| | | Bennettville FCI / Edgefield FCI | | | |
| BALTIMORE | | | | | |
| BOSTON | | Devens FCI | | | |
| | | MADOC / Plymouth County | | | |
| BUFFALO | | Ray Brook FCI | | | |
| CHICAGO | | Indiana | | | |
| | | Kansas / Missouri | | | |
| | | Illinois / Wisconsin | | | |
| DALLAS | | Giles Dalby | | | |
| | | Big Spring | | | |
| | | Big Spring | | | |
| | | Giles Dalby | | | |
| | | Great Plains | | | |
| DENVER | | | | | |
| DETROIT | | | | | |
| EL PASO | | La Tuna IHP | | | |
| | | Pecos Office | | | |
| | | Reeves #3 | | | |
| | | Midland | | | |
| HOUSTON | | | | | |
| LOS ANGELES | | Adelanto Office | | | |
| MIAMI | | Miami | | | |
| NEWARK | | | | | |
| NEW ORLEANS | | | | | |
| NEW YORK | | | | | |
| PHILADELPHIA | | Allenwood, PA | | | |
| PHOENIX | | Primary for ERO Phoenix Office | | | |
| | | Backup for ERO Phoenix Office | | | |
| | | Primary for ERO Tucson Office | | | |
| | | Backup for ERO Tucson Office | | | |
| SALT LAKE CITY | | Primary | | | |
| SAN ANTONIO | | | | | |
| SAN DIEGO | | BOP | | | |
| | | ERO SND Sub-Office (EL Centro IHP) | | | |
| SAN FRANCISCO | | Bakersfield (Taft) | | | |
| SEATTLE | | Sea Tac | | | |
| ST PAUL | | Fort Snelling Office | | | |
| | | Omaha Office | | | |
| WASHINGTON D.C. | | Roanoke | | | |
| | | Norfolk | | | |



**U. S. Department of Justice**
**Federal Bureau of Prisons**

Correctional Programs Division

*Washington, DC 20534*

MAR 2 7 2017

MEMORANDUM FOR ALL CEOS

FROM:          Angela P. Dunbar, Assistant Director
               Correctional Programs Division

SUBJECT:       Institution Hearing Program (IHP)

The purpose of this memorandum is to provide updated information,
guidance, and direction as it relates to Program Statement 5111.04,
Institution Hearing Program (IHP).

The Correctional Programs Branch (CPB) in the Correctional Programs
Division (CPD), has an Immigration and Customs Enforcement (ICE)
liaison assigned to their area and have been working very closely
with him, on a daily basis, since November 2016.  This relationship
has been instrumental in assisting us with identifying foreign
born/non-U.S. citizens (aliens), lodging detainers, processing
aliens for removal, transferring removal alien inmates from the
custody of BOP to ICE, pursuant to an immigration detainer, and
ensuring the IHP is functioning effectively and efficiently.

Program Statement 5111.04, Institution Hearing Program, dated
July 3, 2006, provides IHP site locations.  However, some of those
institutions have taken on mission changes and are no longer suitable
IHP locations at this time.  The following institutions are
considered active IHP sites (BOP and private):

LSCI Allenwood
FCI Allenwood
USP Allenwood
FCI La Tuna
FCI Aliceville (female)
FCI Dublin (female)
Adams County Corr. Ctr.
Big Spring Corr. Ctr.
D. Ray James, Corr. Ctr.
Giles W. Dalby Corr. Ctr.
Moshannon Valley Corr. Ctr.
Reeves I, II, and III Detention Ctrs.

Taft Corr. Ctr.

The following institutions have recently been approved by the Executive Staff and are considered new IHP sites:

FCI Oakdale 2
FCI Pollock
USP Pollock
FDC SeaTac
USP Victorville
FCI Victorville I
FCI Victorville II
FCI Waseca (female)

As a reminder, the vast majority of immigration hearings are conducted with an ICE agent present at the facility and the EOIR (Executive Office of Immigration Review) Judge, via VTC. Regarding these recently approved IHP sites, please notify and engage your local union to ensure a successful IHP operation.

In accordance with Program Statement 5111.04, Institution Hearing Program, foreign born/non-U.S. citizens (aliens) who are serving 60 months or less, will be identified and initially designated to IHP institutions. CPB, ICE, and DSCC have established a tracking mechanism and are corresponding to ensure this is occurring on a daily basis. This will ensure foreign born/non-U.S. citizens (aliens) who are initially designated to the BOP are placed at the appropriate institution. If the inmate had a sentence of greater than 60 months at initial designation and was placed at a non-IHP institution, the unit team staff should re-designate the inmate, when he/she has 48-60 months remaining to serve to an IHP institution. This can be accomplished during the regularly scheduled program review.

It is very important the Case Management Activity (CMA) assignments for IHP, in accordance with Program Statement 5111.04, Institution Hearing Program, are entered accurately and updated accordingly. CPB has recently contacted the respective Regional Correctional Programs staff regarding concerns in particular cases (NO IHP CMA assignment loaded, CMA assignment pre-dates the most recent incarceration, etc.). It is requested that the local institutions review the accuracy and provide an assurance to their Regional Office by April 7, 2017. The Regional Office will then update CPD/CPB regarding the accuracy of the IHP CMA. As a reminder, section 8(c), indicates Regional Office staff monitor the implementation of and adherence to IHP procedures during Staff Assistance Visits.

If you have any questions or concerns, please have your staff contact (b)(6); (b)(7)(C)

cc: All Regional Directors
    All Regional Correctional Programs Administrators

| FACILITY | ERO AOR |
|---|---|
| ADAMS COUNTY CORRECTION CENTER CI | NEW ORLEANS |
| ALDERSON FPC | PHILADELPHIA |
| ALICEVILLE FCI | NEW ORLEANS |
| ALLENWOOD LOW FCI | PHILADELPHIA |
| ALLENWOOD MED FCI | PHILADELPHIA |
| ALLENWOOD USP | PHILADELPHIA |
| ASHLAND FCI | NEW ORLEANS |
| ATLANTA CCM | ATLANTA |
| ATLANTA USP | ATLANTA |
| ATWATER USP | SALT LAKE CITY |
| BALTIMORE CCM | BALTIMORE |
| BASTROP FCI | SAN ANTONIO |
| BEAUMONT LOW FCI | HOUSTON |
| BEAUMONT MED FCI | HOUSTON |
| BEAUMONT USP | HOUSTON |
| BECKLEY FCI | PHILADELPHIA |
| BENNETTSVILLE FCI | ATLANTA |
| BERLIN FCI | BOSTON |
| BIG SANDY USP | NEW ORLEANS |
| BIG SPRING CI | DALLAS |
| BIG SPRING FCI | DALLAS |
| BROOKLYN MDC | NEW YORK CITY |
| BRYAN FPC | SAN ANTONIO |
| BUTNER FMC | ATLANTA |
| BUTNER LOW FCI | ATLANTA |
| BUTNER MED I FCI | ATLANTA |
| BUTNER MED II FCI | ATLANTA |
| CANAAN USP | PHILADELPHIA |
| CARSWELL FMC | DALLAS |
| CHARLESTON COUNTY DETENTION FACILITY | ATLANTA |
| CHICAGO CCM | CHICAGO |
| CHICAGO MCC | CHICAGO |
| CINCINNATI CCM | DETROIT |
| COLEMAN I USP | MIAMI |
| COLEMAN LOW FCI | MIAMI |
| COLEMAN MED FCI | MIAMI |
| CUMBERLAND FCI | BALTIMORE |
| D. RAY JAMES CORR FACL CI | ATLANTA |
| DALBY CI | DALLAS |
| DALLAS CCM | DALLAS |
| DANBURY FCI | BOSTON |
| DETROIT CCM | DETROIT |
| DEVENS FMC | BOSTON |
| DUBLIN FCI | SAN FRANCISCO |
| DULUTH FPC | SAINT PAUL |
| EDEN CI | DALLAS |
| EDGEFIELD FCI | ATLANTA |
| EL RENO FCI | DALLAS |
| ELKTON FCI | DETROIT |
| ENGLEWOOD FCI | DENVER |
| ESTILL FCI | ATLANTA |
| FAIRTON FCI | PHILADELPHIA |
| FLORENCE ADMAX USP | DENVER |
| FLORENCE FCI | DENVER |
| FLORENCE HIGH USP | DENVER |
| FORREST CITY FCI | NEW ORLEANS |
| FORT DIX FCI | NEWARK |
| FORT WORTH FCI | DALLAS |
| GILMER FCI | PHILADELPHIA |
| GREAT PLAINS CI | DALLAS |
| GREENVILLE FCI | CHICAGO |
| GUAYNABO MDC | MIAMI |
| HAZELTON FCI | PHILADELPHIA |
| HAZELTON USP | PHILADELPHIA |
| HERLONG FCI | SALT LAKE CITY |
| HONOLULU FDC | SAN FRANCISCO |
| HOUSTON CCM/FDC | HOUSTON |
| JESUP FCI | ATLANTA |
| LA TUNA FCI | EL PASO |
| LEAVENWORTH USP | CHICAGO |
| LEE USP | WASHINGTON DC |
| LEWISBURG USP | PHILADELPHIA |
| LEXINGTON FMC | NEW ORLEANS |
| LOMPOC FCI | LOS ANGELES |
| LOMPOC USP | LOS ANGELES |
| LONG BEACH CCM | LOS ANGELES |
| LORETTO FCI | PHILADELPHIA |
| LOS ANGELES MDC | LOS ANGELES |
| MANCHESTER FCI | NEW ORLEANS |
| MARIANNA FCI | MIAMI |
| MARION USP | CHICAGO |
| MCCREARY USP | NEW ORLEANS |
| MCDOWELL FCI | PHILADELPHIA |
| MCKEAN FCI | PHILADELPHIA |
| MCRAE CI | ATLANTA |
| MEMPHIS FCI | NEW ORLEANS |
| MENDOTA FCI | SAN FRANCISCO |
| MIAMI CCM | MIAMI |
| MIAMI FDC | MIAMI |
| MILAN FCI | SAINT PAUL |
| MINNEAPOLIS / SAINT PAUL CCM | SAINT PAUL |
| MONTGOMERY FPC | NEW ORLEANS |
| MORGANTOWN FCI | PHILADELPHIA |
| MOSHANNON VALLEY CI | PHILADELPHIA |
| NASHVILLE CCM | NEW ORLEANS |
| NEW YORK MCC | NEW YORK CITY |
| OAKDALE I FCI | NEW ORLEANS |
| OAKDALE II FCI | NEW ORLEANS |
| ORLANDO CCM | MIAMI |
| OTISVILLE FCI | NEW YORK CITY |
| OXFORD FCI | CHICAGO |
| PEKIN FCI | CHICAGO |
| PENSACOLA FPC | MIAMI |
| PETERSBURG MED FCI | WASHINGTON DC |
| PHILADELPHIA CCM | PHILADELPHIA |
| PHILADELPHIA FDC | PHILADELPHIA |
| PHOENIX FCI | PHOENIX |
| PITTSBURGH CCM | PHILADELPHIA |
| POLLOCK MED FCI | NEW ORLEANS |
| POLLOCK USP | NEW ORLEANS |
| RALEIGH CCM | ATLANTA |
| RAY BROOK FCI | BUFFALO |
| REEVES CI | EL PASO |
| REEVES COUNTY DC | EL PASO |
| REEVES DC | EL PASO |
| RIVERS CI | WASHINGTON DC |
| ROCHESTER FMC | SAN FRANCISCO |
| SAFFORD FCI | SAN DIEGO |
| SALT LAKE CITY CCM | SALT LAKE CITY |
| SAN DIEGO MCC | SAN DIEGO |
| SANDSTONE FCI | SAINT PAUL |
| SCHUYLKILL FCI | PHILADELPHIA |
| SEAGOVILLE FCI | DALLAS |
| SEATAC FDC | SEATTLE |
| SHERIDAN FCI | SEATTLE |
| SPRINGFIELD USMCFP | CHICAGO |
| ST. LOUIS CCM | CHICAGO |
| TAFT CI | SAN FRANCISCO |
| TALLADEGA FCI | NEW ORLEANS |
| TALLAHASSEE FCI | MIAMI |
| TERMINAL ISLAND FCI | LOS ANGELES |
| TERRE HAUTE FCI | CHICAGO |
| TERRE HAUTE USP | CHICAGO |
| TEXARKANA FCI | DALLAS |
| THOMSON AUSP | CHICAGO |
| THREE RIVERS FCI | SAN ANTONIO |
| TUCSON FCI | PHOENIX |
| TUCSON USP | PHOENIX |
| VICTORVILLE MED I FCI | LOS ANGELES |
| VICTORVILLE MED II FCI | LOS ANGELES |
| VICTORVILLE USP | LOS ANGELES |
| WASECA FCI | SAINT PAUL |
| WILLIAMSBURG FCI | ATLANTA |
| YANKTON FPC | SAINT PAUL |
| YAZOO CITY FCI | NEW ORLEANS |
| YAZOO CITY MED FCI | NEW ORLEANS |
| YAZOO CITY USP | NEW ORLEANS |

| FACILITY | AOR | OFFICE ADDRESS | POC | EMAIL | DESK NUMBER | CELL NUMBER | ALTERNATIVE POC | EMAIL | DESK NUMBER | CELL NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|
| ATLANTA CCM | ATL | | | | | | | | | |
| ATLANTA USP | ATL | | | | | | | | | |
| BENNETTSVILLE FCI | ATL | | | | | | | | | |
| BUTNER FMC | ATL | | | | | | | | | |
| BUTNER LOW FCI | ATL | | | | | | | | | |
| BUTNER MED I FCI | ATL | | | | | | | | | |
| BUTNER MED II FCI | ATL | | | | | | | | | |
| CHARLESTON COUNTY DETENTION FACILITY | ATL | | | | | | | | | |
| D. RAY JAMES CORR FACL CI | ATL | | | | | | | | | |
| EDGEFIELD FCI | ATL | | | | | | | | | |
| ESTILL FCI | ATL | | | | | | | | | |
| FAIRTON FCI | ATL | | | | | | | | | |
| JESUP FCI | ATL | | | | | | | | | |
| MCRAE CI | ATL | | | | | | | | | |
| RALEIGH CCM | ATL | | | | | | | | | |
| WILLIAMSBURG FCI | ATL | | | | | | | | | |

| FACILITY | AOR | OFFICE ADDRESS | POC | EMAIL | DESK NUMBER | CELL NUMBER | ALTERNATIVE POC | EMAIL | DESK NUMBER | CELL NUMBER |
|----------|-----|----------------|-----|-------|-------------|-------------|-----------------|-------|-------------|-------------|
| BALTIMORE CCM | BAL | | | | | | | | | |
| CUMBERLAND FCI | BAL | | | | | | | | | |

| FACILITY | AOR | OFFICE ADDRESS | POC | EMAIL | DESK NUMBER | CELL NUMBER | ALTERNATIVE POC | EMAIL | DESK NUMBER | CELL NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|
| BERLIN FCI | BOS | | | | | | | | | |
| DANBURY FCI | BOS | | | | | | | | | |
| DEVENS FMC | BOS | | | | | | | | | |

| FACILITY | AOR | OFFICE ADDRESS | POC | EMAIL | DESK NUMBER | CELL NUMBER | ALTERNATIVE POC | EMAIL | DESK NUMBER | CELL NUMBER |
|----------|-----|----------------|-----|-------|-------------|-------------|------------------|-------|-------------|-------------|
| RAY BROOK FCI | BUF | | | | | | | | | |

| FACILITY | AOR | OFFICE ADDRESS | POC | EMAIL | DESK NUMBER | CELL NUMBER | ALTERNATIVE POC | EMAIL | DESK NUMBER | CELL NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|
| CHICAGO CCM | CHI | | | | | | | | | |
| CHICAGO MCC | CHI | | | | | | | | | |
| GREENVILLE FCI | CHI | | | | | | | | | |
| LEAVENWORTH USP | CHI | | | | | | | | | |
| MARION USP | CHI | | | | | | | | | |
| OXFORD FCI | CHI | | | | | | | | | |
| PEKIN FCI | CHI | | | | | | | | | |
| SPRINGFIELD USMCFP | CHI | | | | | | | | | |
| TERRE HAUTE FCI | CHI | | | | | | | | | |
| TERRE HAUTE USP | CHI | | | | | | | | | |
| THOMSON AUSP | CHI | | | | | | | | | |
| ST. LOUIS CCM | CHI | | | | | | | | | |

| FACILITY | AOR | OFFICE ADDRESS | POC | EMAIL | DESK NUMBER | CELL NUMBER | ALTERNATIVE POC | EMAIL | DESK NUMBER | CELL NUMBER |
|----------|-----|----------------|-----|-------|-------------|-------------|-----------------|-------|-------------|-------------|
| BIG SPRING CI | DAL | | | | | | | | | |
| BIG SPRING FCI | DAL | | | | | | | | | |
| CARSWELL FMC | DAL | | | | | | | | | |
| DALBY CI | DAL | | | | | | | | | |
| DALLAS CCM | DAL | | | | | | | | | |
| EDEN CI | DAL | | | | | | | | | |
| EL RENO FCI | DAL | | | | | | | | | |
| FORT WORTH FCI | DAL | | | | | | | | | |
| GREAT PLAINS CI | DAL | | | | | | | | | |
| SEAGOVILLE FCI | DAL | | | | | | | | | |
| TEXARKANA FCI | DAL | | | | | | | | | |

| FACILITY | AOR | OFFICE ADDRESS | POC | EMAIL | DESK NUMBER | CELL NUMBER | ALTERNATIVE POC | EMAIL | DESK NUMBER | CELL NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|
| ENGLEWOOD FCI | DEN | | | | | | | | | |
| FLORENCE ADMAX USP | DEN | | | | | | | | | |
| FLORENCE FCI | DEN | | | | | | | | | |
| FLORENCE HIGH USP | DEN | | | | | | | | | |

| FACILITY | AOR | OFFICE ADDRESS | POC | EMAIL | DESK NUMBER | CELL NUMBER | ALTERNATIVE POC | EMAIL | DESK NUMBER | CELL NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|
| CINCINNATI CCM | DET | | | | | | | | | |
| DETROIT CCM | DET | | | | | | | | | |
| ELKTON FCI | DET | | | | | | | | | |

| FACILITY | AOR | OFFICE ADDRESS | POC | EMAIL | DESK NUMBER | CELL NUMBER | ALTERNATIVE POC | EMAIL | DESK NUMBER | CELL NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|
| LA TUNA FCI | ELP | | | | | | | | | |
| REEVES CI | ELP | | | | | | | | | |
| REEVES COUNTY DC | ELP | | | | | | | | | |
| REEVES DC | ELP | | | | | | | | | |

| FACILITY | AOR | OFFICE ADDRESS | POC | EMAIL | DESK NUMBER | CELL NUMBER | ALTERNATIVE POC | EMAIL | DESK NUMBER | CELL NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|
| BEAUMONT LOW FCI | HOU | | | | | | | | | |
| BEAUMONT MED FCI | HOU | | | | | | | | | |
| BEAUMONT USP | HOU | | | | | | | | | |
| HOUSTON CCM/FDC | HOU | | | | | | | | | |

| FACILITY | AOR | OFFICE ADDRESS | POC | EMAIL | DESK NUMBER | CELL NUMBER | ALTERNATIVE POC | EMAIL | DESK NUMBER | CELL NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|
| LOMPOC FCI | LOS | | | | | | | | | |
| LOMPOC USP | LOS | | | | | | | | | |
| LONG BEACH CCM | LOS | | | | | | | | | |
| LOS ANGELES MDC | LOS | | | | | | | | | |
| TERMINAL ISLAND FCI | LOS | | | | | | | | | |
| VICTORVILLE MED I FCI | LOS | | | | | | | | | |
| VICTORVILLE MED II FCI | LOS | | | | | | | | | |
| VICTORVILLE USP | LOS | | | | | | | | | |

| FACILITY | AOR | OFFICE ADDRESS | POC | EMAIL | DESK NUMBER | CELL NUMBER | ALTERNATIVE POC | EMAIL | DESK NUMBER | CELL NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|
| COLEMAN I USP | MIA | | | | | | | | | |
| COLEMAN LOW FCI | MIA | | | | | | | | | |
| COLEMAN MED FCI | MIA | | | | | | | | | |
| GUAYNABO MDC | MIA | | | | | | | | | |
| MARIANNA FCI | MIA | | | | | | | | | |
| MIAMI CCM | MIA | | | | | | | | | |
| MIAMI FCI | MIA | | | | | | | | | |
| MIAMI FDC | MIA | | | | | | | | | |
| ORLANDO CCM | MIA | | | | | | | | | |
| PENSACOLA FPC | MIA | | | | | | | | | |
| TALLAHASSEE FCI | MIA | | | | | | | | | |

| FACILITY | AOR | OFFICE ADDRESS | POC | EMAIL | DESK NUMBER | CELL NUMBER | ALTERNATIVE POC | EMAIL | DESK NUMBER | CELL NUMBER |
|----------|-----|----------------|-----|-------|-------------|-------------|-----------------|-------|-------------|-------------|
| FORT DIX FCI | NEW | | | | | | | | | |

| FACILITY | AOR | OFFICE ADDRESS | POC | EMAIL | DESK NUMBER | CELL NUMBER | ALTERNATIVE POC | EMAIL | DESK NUMBER | CELL NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|
| ADAMS COUNTY CORRECTION CENTER CI | NOL | | | | | | | | | |
| ALICEVILLE FCI | NOL | | | | | | | | | |
| ASHLAND FCI | NOL | | | | | | | | | |
| BIG SANDY USP | NOL | | | | | | | | | |
| FORREST CITY FCI | NOL | | | | | | | | | |
| LEXINGTON FMC | NOL | | | | | | | | | |
| MANCHESTER FCI | NOL | | | | | | | | | |
| MCCREARY USP | NOL | | | | | | | | | |
| MEMPHIS FCI | NOL | | | | | | | | | |
| MONTGOMERY FPC | NOL | | | | | | | | | |
| NASHVILLE CCM | NOL | | | | | | | | | |
| OAKDALE I FCI | NOL | | | | | | | | | |
| OAKDALE II FCI | NOL | | | | | | | | | |
| POLLOCK MED FCI | NOL | | | | | | | | | |
| POLLOCK USP | NOL | | | | | | | | | |
| TALLADEGA FCI | NOL | | | | | | | | | |
| YAZOO CITY FCI | NOL | | | | | | | | | |
| YAZOO CITY MED FCI | NOL | | | | | | | | | |
| YAZOO CITY USP | NOL | | | | | | | | | |

| FACILITY | AOR | OFFICE ADDRESS | POC | EMAIL | DESK NUMBER | CELL NUMBER | ALTERNATIVE POC | EMAIL | DESK NUMBER | CELL NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|
| BROOKLYN MDC | NYC | | | | | | | | | |
| NEW YORK MCC | NYC | | | | | | | | | |
| OTISVILLE FCI | NYC | | | | | | | | | |

| FACILITY | AOR | OFFICE ADDRESS | POC | EMAIL | DESK NUMBER | CELL NUMBER | ALTERNATIVE POC | EMAIL | DESK NUMBER | CELL NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|
| ALDERSON FPC | PHI | | | | | | | | | |
| ALLENWOOD LOW FCI | PHI | | | | | | | | | |
| ALLENWOOD MED FCI | PHI | | | | | | | | | |
| ALLENWOOD USP | PHI | | | | | | | | | |
| BECKLEY FCI | PHI | | | | | | | | | |
| CANAAN USP | PHI | | | | | | | | | |
| GILMER FCI | PHI | | | | | | | | | |
| HAZELTON FCI | PHI | | | | | | | | | |
| HAZELTON USP | PHI | | | | | | | | | |
| LEWISBURG USP | PHI | | | | | | | | | |
| LORETTO FCI | PHI | | | | | | | | | |
| MCDOWELL FCI | PHI | | | | | | | | | |
| MCKEAN FCI | PHI | | | | | | | | | |
| MORGANTOWN FCI | PHI | | | | | | | | | |
| MOSHANNON VALLEY CI | PHI | | | | | | | | | |
| PHILADELPHIA CCM | PHI | | | | | | | | | |
| PHILADELPHIA FDC | PHI | | | | | | | | | |
| PITTSBURGH CCM | PHI | | | | | | | | | |
| SCHUYLKILL FCI | PHI | | | | | | | | | |

| FACILITY | AOR | OFFICE ADDRESS | POC | EMAIL | DESK NUMBER | CELL NUMBER | ALTERNATIVE POC | EMAIL | DESK NUMBER | CELL NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|
| PHOENIX FCI | PHO | | | | | | | | | |
| TUCSON FCI | PHO | | | | | | | | | |
| TUCSON USP | PHO | | | | | | | | | |

| FACILITY | AOR | OFFICE ADDRESS | POC | EMAIL | DESK NUMBER | CELL NUMBER | ALTERNATIVE POC | EMAIL | DESK NUMBER | CELL NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|
| DULUTH FPC | SPL | | | | | | | | | |
| MILAN FCI | SPL | | | | | | | | | |
| MINNEAPOLIS / ST. PAUL CCM | SPL | | | | | | | | | |
| SANDSTONE FCI | SPL | | | | | | | | | |
| WASECA FCI | SPL | | | | | | | | | |
| YANKTON FPC | SPL | | | | | | | | | |

| FACILITY | AOR | OFFICE ADDRESS | POC | EMAIL | DESK NUMBER | CELL NUMBER | ALTERNATIVE POC | EMAIL | DESK NUMBER | CELL NUMBER |
|----------|-----|----------------|-----|-------|-------------|-------------|-----------------|-------|-------------|-------------|
| HERLONG FCI | SLC | | | | | | | | | |
| SALT LAKE CITY CCM | SLC | | | | | | | | | |

| FACILITY | AOR | OFFICE ADDRESS | POC | EMAIL | DESK NUMBER | CELL NUMBER | ALTERNATIVE POC | EMAIL | DESK NUMBER | CELL NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|
| BASTROP FCI | SNA | | | | | | | | | |
| BRYAN FPC | SNA | | | | | | | | | |
| THREE RIVERS FCI | SNA | | | | | | | | | |

| FACILITY | AOR | OFFICE ADDRESS | POC | EMAIL | DESK NUMBER | CELL NUMBER | ALTERNATIVE POC | EMAIL | DESK NUMBER | CELL NUMBER |
|----------|-----|----------------|-----|-------|-------------|-------------|-----------------|-------|-------------|-------------|
| SAFFORD FCI | SND | | | | | | | | | |
| SAN DIEGO MCC | SND | | | | | | | | | |

| FACILITY | AOR | OFFICE ADDRESS | POC | EMAIL | DESK NUMBER | CELL NUMBER | ALTERNATIVE POC | EMAIL | DESK NUMBER | CELL NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|
| ATWATER USP | SFR | | | | | | | | | |
| DUBLIN FCI | SFR | | | | | | | | | |
| HONOLULU FDC | SFR | | | | | | | | | |
| MENDOTA FCI | SFR | | | | | | | | | |
| ROCHESTER FMC | SFR | | | | | | | | | |
| TAFT CI | SFR | | | | | | | | | |

| FACILITY | AOR | OFFICE ADDRESS | POC | EMAIL | DESK NUMBER | CELL NUMBER | ALTERNATIVE POC | EMAIL | DESK NUMBER | CELL NUMBER |
|----------|-----|----------------|-----|-------|-------------|-------------|-----------------|-------|-------------|-------------|
| SEATAC FDC | SEA | | | | | | | | | |
| SHERIDAN FCI | SEA | | | | | | | | | |

| FACILITY | AOR | OFFICE ADDRESS | POC | EMAIL | DESK NUMBER | CELL NUMBER | ALTERNATIVE POC | EMAIL | DESK NUMBER | CELL NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|
| LEE USP | WAS | | | | | | | | | |
| PETERSBURG MED FCI | WAS | | | | | | | | | |
| RIVERS CI | WAS | | | | | | | | | |

# EXHIBIT D

Immigrants' Rights Clinic

Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Tel    650 724-1900
Fax    650 723-4426
www.law.stanford.edu

November 18, 2019

*Via U.S. Certified Mail*
Director, Office of Information Policy (OIP)
United States Department of Justice, Suite 11050
1425 New York Avenue, NW
Washington, DC
20530-0001

**RE:     Freedom of Information Act Appeal for
         Request No. 2019-01182**

Dear BOP FOIA Officer:

We write to appeal the Bureau of Prison (BOP)'s determination and final response, dated August 27, 2019 to our November 30, 2018 FOIA request, sent by the Stanford Law School Immigrants' Rights Clinic on behalf of The Justice and Diversity Center of The Bar Association of San Francisco and Centro Legal de la Raza. BOP's response is deficient because it fails to address most of our FOIA request, which pertains to policies and practices related to the Institutional Hearing Program.

We appeal BOP's failure to produce responsive records. Our FOIA request asked for 13 different categories of records, and included records for database information, memoranda, worksheets, and other records related to BOP's administration of the Institutional Hearing Program, including information regarding the program's administration, policies, and treatment of people placed into the Institutional Hearing Program. BOP's response of 14 pages in total (10 released in full and 4 released in part) fails to respond to the overwhelming majority of our FOIA request.

We also appeal BOP's decision to withhold any portion of the 14 pages produced. It is unclear, for example, how any withholdings could pertain to law enforcement purposes under FOIA Exemption (b)(7) when none of the records produced relate to a specific investigation. Similarly, because no records produced relate to individual cases or investigations, FOIA Exemption (b)(6) cannot apply to justify BOP's withholding of otherwise responsive documents.

We therefore appeal BOP's determination in response to our FOIA request. We have attached our original FOIA request as well as BOP's August 27, 2019 response letter for your reference.

*FOIA Appeal for Request No. 2019-01182*
*November 18, 2019*
*Page 2 of 2*


Please send your response, including any additional documents to:

Lisa Weissman-Ward
Stanford Law School Immigrants' Rights Clinic
559 Nathan Abbott Way
Stanford, CA 94305
lweissmanward@law.stanford.edu


Our original FOIA request was filed over a year ago, and we would appreciate a prompt response to this appeal. Please contact me at 650-724-7396 or lweissmanward@law.stanford.edu with any questions.


Sincerely,

Lisa Weissman-Ward

# EXHIBIT E



Lisa Weissman-Ward <lisanww@law.stanford.edu>

---

## FOIA Appeal DOJ-AP-2020-001215 Submitted

---

**admin@foiaonline.gov** <admin@foiaonline.gov>                    Fri, Dec 6, 2019 at 10:08 AM
To: lweissmanward@law.stanford.edu


This message is to notify you of a new appeal submission to the FOIAonline application. Appeal information is as follows:

- Appeal Tracking Number: DOJ-AP-2020-001215
- Request Tracking Number: 2019-01182
- Requester Name: Lisa Weissman-Ward
- Date Submitted: 11/25/2019
- Appeal Status: Submitted
- Description: BOP appeal

USPS TRACKING #

9590 9402 2523 6306 1832 30

**United States**
**Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Lisa Weissman-Ward
Immigrants' Rights Clinic
559 Nathan abbott way
Stanford, ca 94305

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Director, office of Information
                        policy
US DoJ  ste. 11050
1425 New York ave, nw
Washington, D.C. 20530-0001

9590 9402 2523 6306 1832 30

2. Article Number (Transfer from service label)

7012 0470 0001 6265 3945

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

NOV 26 2019

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt