DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
J. WESLEY SAMPLES (CABN 321845)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7073
    Fax: (415) 436-6748
    Email: wes.samples@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTRO LEGAL DE LA RAZA, | CASE NO. 3:20-cv-05839 LB |
|     Plaintiff, | **DEFENDANT'S ANSWER** |
|   v. | |
| FEDERAL BUREAU OF PRISONS, | |
|     Defendant. | |

    Federal Defendant the Federal Bureau of Prisons ("Defendant" or "BOP") hereby responds to the Complaint filed by Plaintiff Centro Legal De La Raza ("Plaintiff") related to Freedom of Information Act ("FOIA") Request Number 2019-01182 (the "FOIA Request"). In response to the numbered paragraphs and sentences of the Complaint, Defendant admits, denies, or otherwise responds as follows.

**INTRODUCTION** [1]

    1.    Paragraph 1 sets forth Plaintiff's legal conclusions and its characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this

---

[1] Defendant has included the headings listed in the Complaint simply to assist in reading the pleadings and does not admit the accuracy of those headings.

1  FOIA action, to which no response is required. To the extent a response is required, BOP admits that it is an agency of the U.S. Department of Justice, but denies it improperly withheld records.

2.  Paragraph 2 sets forth Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

3.  BOP denies Centro Legal de la Raza filed a FOIA request with the BOP, but states it received a FOIA request from Lisa Weissman-Ward, Stanford Law School Immigrants' Rights Clinic on behalf of The Justice & Diversity Center of the Bar Association of San Francisco and Centro Legal de la Raza. *See* Dkt. No. 1-1 at 1-6; *see also* Dkt. No. 1-1 at 11-13 (assigning FOIA Request Number 2019-01182). Defendant denies that Plaintiff filed an appeal with the BOP, but the Defendant states Plaintiff filed an appeal with the United States Department of Justice ("DOJ"), Office of Information Policy ("OIP"). DOJ-OIP sent Plaintiff a response to the appeal dated September 16, 2020. A true and correct copy of that September 16, 2020 response is attached here as Exhibit 1. Defendant denies the remainder of paragraph 3.

**JURISDICTION, VENUE, & INTRADISTRICT ASSIGNMENT** [2]

4.  Paragraph 4 of the Complaint sets forth legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is required, Defendant denies that the Court has jurisdiction over any claim(s) for relief for which Plaintiff lacks standing, but Defendant does not contest the Court's subject matter jurisdiction in so far as Plaintiff may have properly exhausted administrative remedies regarding FOIA Request Number 2019-01182 or for which Plaintiffs may have standing. To the extent any further response is required, Defendant respectfully refers the Court to 5 U.S.C. §§ 552(a)(4)(B), 701-06, and 28 U.S.C. 1331 for a full and accurate statement of their contents.

5.  Paragraph 5 of the Complaint sets forth legal conclusions regarding venue, to which no response is required. To the extent any further response is required, Defendant admits venue is appropriate in this judicial district as set forth in the FOIA. To the extent any further response is

---

[2] Defendant has included the headings listed in the Complaint simply to assist in reading the pleadings and does not admit the accuracy of those headings.

DEFENDANT'S ANSWER
3:20-CV-05839 LB                                           2

1  required, Defendant respectfully refers the Court to 5 U.S.C. §§ 552(a)(4)(B) and 28 U.S.C. 1391(e) for
2  a full and accurate statement of their contents.

3        6.      Paragraph 6 of the Complaint sets forth legal conclusions regarding venue, to which no
4  response is required. To the extent a response is required, Defendant admits that intradistrict assignment
5  is appropriate in this juridical district and in judicial districts as set forth in the FOIA.

## PARTIES [3]

7        7.      Defendant denies knowledge or information sufficient to form a belief as to the truth or
8  falsity of the allegations set forth in paragraph 7 of the Complaint.

9        8.      Paragraph 8 sets forth Plaintiff's characterization of alleged background information, not
10 allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no
11 response is required. To the extent a response is required, BOP admits is a federal agency within the
12 meaning of 5 U.S.C. § 552(f) and it manages federal prisons and is responsible for the custody and care
13 of federal prisoners.

## FACTS [4]

**I. BOP IS AN INTEGRAL PART OF THE IHP, WHICH IS AN EXPANSIVE, NATIONAL PROGRAM DESIGNED TO EXPEDITE IMMIGRATION REMOVAL PROCEEDINGS FOR INCARCERATED NONCITIZENS [5]**

17       9.      Paragraph 9 sets forth Plaintiff's characterization of alleged background information, not
18 allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no
19 response is required.

20       10.     Paragraph 10 sets forth Plaintiff's characterization of alleged background information,
21 not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no
22 response is required.

---

[3] Defendant has included the headings listed in the Complaint simply to assist in reading the pleadings and does not admit the accuracy of those headings.

[4] Defendant has included the headings listed in the Complaint simply to assist in reading the pleadings and does not admit the accuracy of those headings.

[5] Defendant has included the headings listed in the Complaint simply to assist in reading the pleadings and does not admit the accuracy of those headings.

DEFENDANT'S ANSWER
3:20-CV-05839 LB                                       3

11. Paragraph 11 sets forth Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

12. In so far as paragraph 12 cites footnote six of the Complaint, Defendant admits that footnote six refers to a BOP website. The remainder of paragraph 12 sets forth Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

13. Paragraph 13 sets forth Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

14. Paragraph14 sets forth Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

15. Paragraph 15 sets forth Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

16. Paragraph 16 sets forth Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent any further response is required, Defendant respectfully refers the Court to 8 U.S.C. § 1229a(b)(4) for a full and accurate statement of its contents.

17. Insofar as paragraph 17 references Exhibit A to the Complaint, that Exhibit is the best evidence of its contents. The remainder of paragraph 17 sets forth Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

18. Paragraph 18 sets forth Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

**II. ADVOCATES LACK THE INFORMATION NECESSARY TO ADEQUATELY RESPOND TO THE NEEDS OF IHP RESPONDENTS, EVEN AS THE PROGRAM HAS EXPANDED.** [6]

19. Paragraph 19 sets forth Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent any further response is required, Defendant respectfully refers the Court to Executive Order 13767 for a full and accurate statement of its contents.

20. Paragraph 20 sets forth Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

21. Paragraph 21 sets forth Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

22. Paragraph 22 sets forth Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

23. Paragraph 23 sets forth Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

24. Paragraph 24 sets forth Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.

25. Paragraph 25 sets forth Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. Further, BOP denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 25 of the Complaint.

---

[6] Defendant has included the headings listed in the Complaint simply to assist in reading the pleadings and does not admit the accuracy of those headings.

DEFENDANT'S ANSWER
3:20-CV-05839 LB                                  5

**III. PLAINTIFF SUBMITTED A FOIA REQUEST SEEKING THE INFORMATION IT REQUIRES TO RESPOND TO THE NEEDS OF IHP RESPONDENTS.** [7]

26. Insofar as this paragraph references Exhibit A to the Complaint, that Exhibit is the best evidence of its contents. Paragraph 26 constitutes Plaintiff's characterization of their FOIA Request, and Defendant respectfully refers the Court to the FOIA Request for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the FOIA Request's full contents.

27. Insofar as this paragraph references Exhibit B to the Complaint, that Exhibit is the best evidence of its contents. Defendant admits the remainder of this paragraph.

28. Insofar as this paragraph references Exhibit A to the Complaint, that Exhibit is the best evidence of its contents. The allegations in paragraph 28 constitute Plaintiff's characterization of its FOIA Request, and Defendant respectfully refers the Court to the FOIA Request for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the FOIA Request's full contents.

29. Insofar as this paragraph references Exhibit A to the Complaint, that Exhibit is the best evidence of its contents. The allegations in paragraph 29 constitute Plaintiff's characterization of its FOIA Request, and Defendant respectfully refers the Court to the FOIA Request for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the FOIA Request's full contents.

30. Insofar as this paragraph references Exhibit A to the Complaint, that Exhibit is the best evidence of its contents. The allegations in paragraph 30 constitute Plaintiff's characterization of its FOIA Request, and Defendant respectfully refers the Court to the FOIA Request for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the FOIA Request's full contents.

31. Insofar as this paragraph references Exhibit A to the Complaint, that Exhibit is the best evidence of its contents. The allegations in paragraph 31 constitute Plaintiff's characterization of its

---

[7] Defendant has included the headings listed in the Complaint simply to assist in reading the pleadings and does not admit the accuracy of those headings.

FOIA Request, and Defendant respectfully refers the Court to the FOIA Request for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the FOIA Request's full contents.

32. Insofar as this paragraph references Exhibit A to the Complaint, that Exhibit is the best evidence of its contents. The allegations in paragraph 32 constitute Plaintiff's characterization of its FOIA Request, and Defendant respectfully refers the Court to the FOIA Request for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the FOIA Request's full contents.

33. Insofar as this paragraph references Exhibit A to the Complaint, that Exhibit is the best evidence of its contents. The allegations in paragraph 33 constitute Plaintiff's characterization of its FOIA Request, and Defendant respectfully refers the Court to the FOIA Request for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the FOIA Request's full contents.

34. Insofar as this paragraph references Exhibit A to the Complaint, that Exhibit is the best evidence of its contents. The allegations in paragraph 34 constitute Plaintiff's characterization of its FOIA Request, and Defendant respectfully refers the Court to the FOIA Request for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the FOIA Request's full contents.

35. Insofar as this paragraph references Exhibit A to the Complaint, that Exhibit is the best evidence of its contents. The allegations in paragraph 35 constitute Plaintiff's characterizations of its FOIA Request, and Defendant respectfully refers the Court to the FOIA Request for a true and complete statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the FOIA Request's full contents. Additionally, paragraph 35 sets forth Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent any further response is required, DOP admits Plaintiff sought a fee waiver.

**IV. BOP FAILED TO CONDUCT A REASONABLE SEARCH FOR RECORDS RESPONSIVE TO PLAINTIFF'S REQUEST, FAILED TO RESPOND TO PLAINTIFF'S APPEAL IN A TIMELY MANNER, AND FAILED TO MAKE RECORDS PROMPTLY AVAILABLE.** [8]

36. Defendant states BOP staff located 14 pages of responsive records and released 10 pages in full and four pages in part. *See* Dkt. No. 1-1 at 12. Additionally, Defendant states that BOP staff located a spreadsheet of responsive records, which contained 42.7 kB of data, and which was released in full. *See* Dkt. No. 1-1 at 12. Insofar as this paragraph references Exhibit C to the Complaint, that Exhibit is the best evidence of its contents.[9] Defendant denies the remainder of the allegations in this paragraph.

37. Paragraph 37 constitutes legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

38. Insofar as this paragraph references Exhibit D to the Complaint, that Exhibit is the best evidence of its contents. Defendant admits the remainder of this paragraph.

39. Defendant states Plaintiff filed an appeal with the DOJ-OIP and that DOJ-OIP sent Plaintiff a response dated September 16, 2020, attached hereto as Exhibit 1. Insofar as this paragraph references Exhibit E to the Complaint, that Exhibit is the best evidence of its contents.[10] Defendant denies the remainder of the allegations in this paragraph.

40. Insofar as this paragraph references Exhibit E to the Complaint, that Exhibit is the best evidence of its contents. Defendant further states that DOJ-OIP sent Plaintiff a response dated September 16, 2020, attached hereto as Exhibit 1. The remainder of paragraph 37 constitutes legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations, but states the Defendant acknowledged receipt of Plaintiff's FOIA Request in a letter dated December 6, 2018. *See* Dkt. No. 1-1- at 7-10.

---

[8] Defendant has included the headings listed in the Complaint simply to assist in reading the pleadings and does not admit the accuracy of those headings.

[9] Plaintiff does not allege that Exhibit C attached to its Complaint is a true and correct copy of BOP's August 27, 2019 production. *See* Dkt. No. 1-1 at 11-53.

[10] Plaintiff does not allege that Exhibit E attached to its Complaint is a true and correct copy of the email confirmation and certified mail receipt. *See* Dkt. No. 1-1 at 57-60.

**FIRST CAUSE OF ACTION**
**(Freedom of Information Act—Failure to Conduct a Reasonable Search for Records Responsive to Plaintiff's Request)** [11]

41. Defendant restates its averments as noted in paragraphs 1 through 40.

42. Admit.

43. Paragraph 43 constitutes legal conclusions, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to 5 U.S.C. §§ 552(a)(3)(C)-(D) for a full and accurate statement of their contents. To the extent any further response is required, Defendant denies not providing Plaintiff with records representing efforts reasonably calculated to uncover all relevant records.

44. Paragraph 44 constitutes legal conclusions, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to 5 U.S.C. § 552(a)(3) and 28 CFR §§ 513.60-513.68 for a full and accurate statement of their contents. To the extent any further response is required, Defendant denies paragraph 44.

45. Paragraph 45 constitutes legal conclusions, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to 5 U.S.C. § 552(a)(6)(C)(i) for a full and accurate statement of its contents. To the extent any further response is required, Defendant denies paragraph 45.

46. Paragraph 46 constitutes legal conclusions, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to 5 U.S.C. § 552(a)(4)(B) for a full and accurate statement of its contents. To the extent any further response is required, Defendant denies paragraph 46.

**SECOND CAUSE OF ACTION**
**(Freedom of Information Act—Failure To Comply with Time Limit Provisions)** [12]

47. Defendant restates its averments as noted in paragraphs 1 through 40.

48. Admit.

---

[11] Defendant has included the headings listed in the Complaint simply to assist in reading the pleadings and does not admit the accuracy of those headings.

[12] Defendant has included the headings listed in the Complaint simply to assist in reading the pleadings and does not admit the accuracy of those headings.

49.     Insofar as this paragraph references Exhibit E to the Complaint, that Exhibit is the best evidence of its contents. The remainder of paragraph 49 constitutes legal conclusions, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to 5 U.S.C.§§ 552(a)(6)(A)(i) and 552(a)(6)(B), as well as 28 C.F.R. § 513.68 for a full and accurate statement of their contents. To the extent any further response is required, Defendant denies the allegations and states Plaintiff filed an appeal with DOJ-OIP and that on September 16, 2020 DOJ-OIP issued an adjudication determination regarding that appeal. *See* Exhibit 1.

50.     Paragraph 50 constitutes legal conclusions, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to 5 U.S.C.§§ 552(a)(6)(A)(i) and 552(a)(6)(B), as well as 28 C.F.R. § 513.68 for a full and accurate statement of their contents. To the extent any further response is required, Defendant denies paragraph 50.

51.     Paragraph 51 constitutes legal conclusions, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to 5 U.S.C.§ 552(a)(6)(C)(i) for a full and accurate statement of its contents. To the extent a response is required, Defendant denies paragraph 51.

52.     Paragraph 52 constitutes legal conclusions, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to 5 U.S.C.§§ 552(a)(6)(A)(i) and 552(a)(6)(B), as well as 6 C.F.R. § 5.5(c) for a full and accurate statement of their contents. To the extent a response is required, Defendant denies paragraph 52.

### THIRD CAUSE OF ACTION
### (Freedom of Information Act—Failure to Make Records Promptly Available) [13]

53.     Defendant restates its averments as noted in paragraphs 1 through 40.

54.     Admit.

55.     Admit.

56.     Paragraph 56 constitutes legal conclusions, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to 5 U.S.C.§ 552(a)(3)(A) for a full

---

[13] Defendant has included the headings listed in the Complaint simply to assist in reading the pleadings and does not admit the accuracy of those headings.

and accurate statement of its contents. To the extent any further response is required, Defendant denies paragraph 56.

57. Insofar as this paragraph references Exhibit E to the Complaint, that Exhibit is the best evidence of its contents. The remainder of paragraph 57 constitutes legal conclusions and Plaintiff's characterizations of this case, to which no response is required. To the extent a response is required, BOP denies the allegations and states Plaintiff filed an appeal with DOJ-OIP and that on September 16, 2020 DOJ-OIP issued an adjudication determination regarding that appeal. *See* Exhibit 1.

58. Paragraph 58 constitutes legal conclusions, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to 5 U.S.C.§ 552(a)(3)(A) for a full and accurate statement of its contents. To the extent a response is required, Defendant denies paragraph 58.

59. Defendant denies the allegations and states Plaintiff filed an appeal with DOJ-OIP and that on September 16, 2020 DOJ-OIP issued an adjudication determination regarding that appeal. *See* Exhibit 1. To the extent any further response is required, Defendant respectfully refers the Court to 5 U.S.C.§ 552(a)(3)(A) for a full and accurate statement of its contents.

60. Paragraph 60 constitutes legal conclusions, to which no response is required. To the extent a response is required, Defendant denies paragraph 60.

## PRAYER FOR RELIEF [14]

The final paragraphs (A)-(H) of the Complaint contain Plaintiff's prayers for relief to which no response is required. To the extent responses may be deemed to be required, Defendant denies the allegations set forth in the final paragraphs (A)-(H), and denies that Plaintiff is entitled to the relief they seek.

Defendant denies each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant denies each and every allegation not previously admitted or otherwise qualified.

---

14

**FIRST DEFENSE**

Defendant has conducted an adequate search in response to the underlying FOIA Request under the FOIA, has released all responsive non-exempt records, and has not improperly withheld any records under the FOIA. Additionally, since the instant Complaint was filed Plaintiff has received a response to Plaintiff's appeal. *See* Exhibit 1.

**SECOND DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted. Defendant has responded in full to Plaintiff's FOIA Request. *See* Dkt. No. 1-1 at 11-60.

**THIRD DEFENSE**

The Court lacks jurisdiction over Plaintiff's Complaint, including without limitation: as to Plaintiff's standing to bring this suit as to some or all claims; over any matter for which Plaintiff failed to satisfy administrative prerequisites to suit; Plaintiff's claim that Plaintiff has not received a response to its appeal submitted to DOJ-OIP; as well as over any requests that are not contained in a FOIA request at issue in this action. *See* Exhibit 1.

Defendant reserves the right to assert additional defenses as warranted.

DATED: September 30, 2020              Respectfully submitted,

                                       DAVID L. ANDERSON
                                       United States Attorney

                                       /s/ *J. Wesley Samples*
                                       J. WESLEY SAMPLES
                                       Assistant United States Attorney