Exhibit 1



**U.S. Department of Justice**

Office of Information Policy

*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

September 16, 2020

Lisa Weissman-Ward
Stanford Law School Immigrants' Rights Clinic
559 Nathan Abbott Way                                      Re:     Appeal No. DOJ-AP-2020-001215
Stanford, CA  94305                                                  Request No. 2019-01182
lweissmanward@law.stanford.edu                              CDT:PJA

**VIA:  Email**

Dear Lisa Weissman-Ward:

You appealed from the action of the Federal Bureau of Prisons (BOP) on your Freedom of Information Act request for access to records concerning policies and practices related to the Institutional Hearing Program (IHP), including information about the program's administration, policies and the treatment of individuals placed in the IHP.  I note that your appeal concerns the withholdings made by BOP, as well as the adequacy of BOP's search.

After carefully considering your appeal, I am affirming BOP's action on your request. The FOIA provides for disclosure of many agency records.  At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities.  BOP properly withheld certain information because it is protected from disclosure under the FOIA pursuant to:

5 U.S.C.  552(b)(6), which concerns material the release of which would constitute a clearly unwarranted invasion of the personal privacy of third parties;

5 U.S.C.  552(b)(7)(C), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties; and

5 U.S.C.  552(b)(7)(E), which concerns records or information compiled for law enforcement purposes the release of which would disclose techniques and procedures or guidelines for law enforcement investigations or prosecutions.

Please be advised that for each of these exemptions, it is reasonably foreseeable that disclosure of the information withheld would harm the interests protected by these exemptions.

As to your appeal concerning the adequacy of BOP's search for responsive records subject to the FOIA, I have determined that BOP's response was correct and that it conducted an adequate, reasonable search for such records.  If you have not done so already, based on the type of records that you appear to be seeking, you might wish to make a request to the Department of Homeland Security for the records that you seek.  I trust that this information will be of some assistance to you as you attempt to locate these records.

Please be advised that this Office's decision was made only after a full review of this matter.  Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of BOP in response to your request.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C.  552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  Using OGIS services does not affect your right to pursue litigation.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.  If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal.  Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

X_____

Matthew Hurd, Acting Chief, Administrative Appeals Staff