LISA WEISSMAN-WARD (CABN 298362)
SHANTI THARAYIL (CABN 330123)
IMMIGRANTS' RIGHTS CLINIC
Mills Legal Clinic at Stanford Law School
Crown Quadrangle, 559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 724-7396
Facsimile: (650) 723-4426
lweissmanward@law.stanford.edu
tharayil@law.stanford.edu

Attorneys for Plaintiff

DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
J. WESLEY SAMPLES (CABN 321845)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
FAX: (415) 436-7234
wes.samples@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTRO LEGAL DE LA RAZA,<br><br>    Plaintiff,<br><br>  v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>    Defendant. | CASE NO.  3:20-cv-05839 LB<br><br>**INITIAL JOINT CASE MANAGEMENT STATEMENT**<br>Date: 11/19/2020<br>Time: 11:00 AM<br>Location; San Francisco, Courtroom B, 15th Floor or via teleconference or via videoconference |

The parties to the above-captioned action jointly submit this initial joint case management statement ("JCMS") in advance of the Case Management Conference ("CMC") set for November 19, 2020.

**1.    Jurisdiction and Service**

There are no issues regarding jurisdiction, venue, or service at this time.  Plaintiff brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.  The Court has subject matter jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B).  Defendant filed an answer on September 30, 2020.

**2.     Facts**

Plaintiff submitted a FOIA request, assigned number 2019-01182 (the "FOIA Request") regarding the Institutional Hearing Program ("IHP") on November 30, 2018.  *See* Dkt. No. 1-1 at 1-6.  Defendant responded acknowledging the FOIA Request on December 6, 2018.  *See* Dkt. No. 1-1 at 7-10.  On August 27, 2019 Defendant responded that "[i]n response to the [the FOIA Request, Defendant] located 14 pages of responsive records . . . [and] determined 10 pages were appropriate for release in full and 4 pages were appropriate for release in part . . . [and also that] a spreadsheet of responsive records, which contain[ed] 42.7 KB of data [was being] released in full."  Dkt. No. 1-1 at 12; *see also* Dkt. No. 1-1 at 11-13 (August 27, 2019 letter); Dkt. No. 1-1 at 15-53 (released documents).  On November 18, 2019 Plaintiff appealed Defendant's August 27, 2019 response.  *See* Dkt. No. 1-1 at 54-56.

On August 19, 2020 Defendant filed the instant Complaint.  *See* Dkt. No. 1.  On September 16, 2020 , Defendant responded regarding the appeal, affirming Defendant's actions.  *See* Dkt. No. 13-1 at 1-3.  Defendant Answered on September 30, 2020.  *See* Dkt. No. 13.  On October 26, 2020 Defendant provided Plaintiff with a description of the search conducted, which the parties are presently discussing in an effort to resolve this matter.

**3.     Legal Issues**

The adequacy of Defendant's search; Defendant's failure to make records promptly available; Defendant's compliance with FOIA with respect to material release and withheld; and whether Plaintiff is entitled to attorney's fee, and the amount of any fees.

**4.     Motions**

There are no prior or pending motions.

**5.     Amendments to the Pleadings**

No amendments to the pleadings are anticipated by either party at this time.

**6.     Evidence Preservation**

The parties have taken, or are taking, steps necessary to preserve evidence relevant to the issues reasonably evident in this action.  The parties also certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and

conferred regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties are not aware of any evidence preservation issues that may impact this dispute.

**7.     Disclosures**

At least as of the filing of this JCMS the parties agree and stipulate that initial disclosures pursuant to Federal Rule of Civil Procedure 26 are not necessary at this time. Accordingly, the parties ask that the Court defer setting a deadline for initial disclosures at this time.

**8.     Discovery**

To date, no discovery has been taken by any party. At least as of the filing of this JCMS the parties agree and stipulate that discovery is not necessary at this time. Plaintiff's position is that plaintiffs may request discovery at a later date. Defendant's position is that discovery is generally inappropriate in a FOIA action.

**9.     Class Actions**

This case is not a class action.

**10.    Related Cases**

There are no related cases pending before this Court as defined by Local Rule 3-12. For the avoidance of any confusion, however, the parties note that this case involves some of the same counsel and the same Institutional Hearing Program as *Justice & Diversity Center of the Bar Association v. U.S. Dep't of Homeland Security and U.S. Immigration and Customs Enforcement*, Case No. 3:19-cv-04533, which is also assigned to the Honorable Magistrate Judge Laurel Beeler.

**11.    Relief**

Plaintiff seeks an order directing Defendant to: (1) promptly conduct a reasonable search and produce all requested records; (2) produce an index pursuant to *Vaughn v. Rosen (I)*, 484 F.2d 820, (D.C. Cir. 1973), *cert denied*, 415 U.S. 977 (1974), for any documents Defendant seeks to continue to withhold under a FOIA exemption; (3) award Plaintiff the cost and reasonable attorneys' fees incurred in this action pursuant to 5. U.S.C. § 552(a)(4)(E); and (4) order such other relief that the Court deems just and appropriate. Defendant denies that Plaintiff is entitled to the relief sought.

**12.  Settlement and ADR**

Both parties have filed ADR Certification and will be prepared to discuss ADR at the CMC. Given the early stage of this case, and that the parties are presently discussing the search description provided by Defendant to Plaintiff on October 26, 2020 in an effort to resolve this matter, the parties suggest that ADR may be premature at this time.

**13.  Consent to Magistrate for All Purposes**

All parties have consented to proceed before a Magistrate Judge.  *See* Dkt. Nos. 5, 14.

**14.  Other References**

None.

**15.  Narrowing of Issues**

The parties are conferring on ways to narrow or streamline this case, including in view of the search description provided by Defendant to Plaintiff on October 26, 2020.

**16.  Expedited Schedule**

The parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64.

**17.  Scheduling**

The parties are working in good faith to resolve the claims and issues in this action.  To the extent any disputes remain the parties anticipate that this entire case will be resolved through the meet and confer process, ADR, or summary judgment.  To allow the parties time to complete discussions, however, the parties propose submitting a joint status report by January 14, 2020, to update the Court regarding the parties' discussions.

**18.  Trial**

The parties anticipate that this entire case will be resolved through the meet and confer process, ADR, or summary judgment.

**19.  Disclosure of Non-Party Interested Entities or Persons**

Plaintiffs filed the required certificate of interested parties and Defendants are exempt from this requirement.  *See* Dkt. No. 4.

JOINT CASE MANAGEMENT STATEMENT
3:20-CV-05839-LB                        4

**20.   Professional Conduct**

Both parties' counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.   Such Other Matters As May Facilitate Just, Speedy and Inexpensive Resolution**

None.

DATED: November 12, 2020                    Respectfully submitted,

                                                                      DAVID L. ANDERSON
                                                                       United States Attorney

                                                                       */s/ J. Wesley Samples*
                                                                       J. WESLEY SAMPLES
                                                                       Assistant United States Attorneys

                                                                       Attorneys for Defendant

DATED: November 12, 2020                    Respectfully submitted,

                                                                       */s/ Lisa Weissman-Ward* [1]
                                                                       LISA WEISSMAN-WARD
                                                                       SHANTI THARAYIL (CABN 330123)
                                                                       IMMIGRANTS' RIGHTS CLINIC

                                                                       Attorneys for Plaintiff

---

[1] *In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.*